**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE EDWARD KNAPP, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:__________** |
| | ) | |
| **NCB MANAGEMENT SERVICES, INC. and BANK OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

---

Plaintiff GEORGE EDWARD KNAPP, SR. ("Knapp") files this Complaint against NCB MANAGEMENT SERVICES, INC. ("NCB") and BANK OF AMERICA ("BANK OF AMERICA") and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for damages under state tort law.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper under 28 U.S.C. § 1391(b) in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, GEORGE EDWARD KNAPP, SR., is a natural person residing in Mobile County, Chunchula, Alabama, and is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3).

4. Defendant, NCB MANAGEMENT SERVICES, INC. is a Pennsylvania corporation engaged in the business of collecting debts in this state with its principal place of business located at Trevose, Pennsylvania. The principal purpose of Defendant NCB is the collection of debts using the mail and telephone, and Defendant NCB regularly attempts to collect debts alleged to be due another.

5. Defendant NCB is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

8. Defendant BANK OF AMERICA, is a credit card company operating in this state with its principal place of business in Charlotte, North Carolina.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff KNAPP'S son incurred a financial obligation to Defendant BANK OF AMERICA that was primarily for personal, family or household purposes and is a “debt” as that term is defined by 15 U.S.C. §1692(a)(5).

8. Sometime thereafter said debt was consigned, placed or otherwise transferred from Defendant BANK OF AMERICA to Defendant NCB for collection from Plaintiff KNAPP.

9. As stated, said debt was not Plaintiff KNAPP'S, but was his son's.

10. On or about October 11, 2010, Defendant NCB debt collectors began repeatedly contacting Plaintiff KNAPP by telephone and mail in attempts to collect the debt that was not owed by Plaintiff KNAPP.

11. At all times material hereto, said debt collectors were acting within the line and scope of their employment with Defendant NCB.

12. Accordingly, Defendant NCB was therefore acting as a "debt collector" with respect to the collection of the debt allegedly owed by Plaintiff KNAPP.

13. On every occasion that Plaintiff KNAPP was contacted by NCB debt collectors, Plaintiff KNAPP informed them that he did not owe the debt but that his son did owe the debt, and to stop calling and/or contacting Plaintiff KNAPP.

14. However, the NCB debt collectors continued to contact Plaintiff KNAPP by telephone and mail in an attempt to collect a debt they knew or should have known was not owed by Plaintiff KNAPP.

15. After the initial contact with Plaintiff KNAPP, on or about October 11, 2010, Defendant NCB debt collectors failed to send timely and sufficient validation of said debt to Plaintiff KNAPP.

16. Defendant NCB debt collectors repeatedly continued to attempt to collect said debt against Plaintiff KNAPP even after they were informed by Plaintiff KNAPP, his wife, and his son, that the debt was not Plaintiff KNAPP's, but was his son's.

17. Furthermore, Defendant NCB debt collectors repeatedly continued to attempt to collect said debt against Plaintiff KNAPP even after they received a letter from Plaintiff KNAPP informing them the debt was not Plaintiff KNAPP's but was his son's.

18. Moreover, Defendant NCB debt collectors repeatedly told Plaintiff KNAPP that he would continue to owe the debt until he signed a "fraud affidavit" against his own son, which was a false and misleading statement.

19. Defendant NCB debt collectors also repeatedly told Plaintiff KNAPP that he

would continue to owe the debt until he filed a police report against his own son, which was a false and misleading statement.

20. Defendant NCB debt collectors also told Plaintiff KNAPP the name and address of the person they were actually trying to collect against, his son, in violation of the FDCPA.

21. On or about December 10, 2010, NCB collectors were contacted by an attorney representing Plaintiff KNAPP and said attorney was told by NCB debt collectors that a fraud affidavit would need to be filed by Plaintiff KNAPP against his own son for the collection efforts to cease, which was a false and misleading statement.

22. As a proximate result of the wrongful tactics of Defendants as aforementioned, Plaintiff KNAPP suffered and continues to suffer anxiety, emotional distress, harassment, intimidation, annoyance and loss of quality of life for which compensation is sought.

## V. FIRST CLAIM FOR RELIEF

## FDCPA

23. Plaintiff readopts, realleges and incorporates by reference all above paragraphs.

24. Defendant NCB violated the FDCPA by the following acts:

(a) Using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692(f);

(b) Contacting Plaintiff KNAPP after he had requested that debt collectors cease communications with him. 15 U.S.C. § 1692(c);

(c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C.

1692d;

(d) Using false or deceptive acts intended to oppress and harass Plaintiff KNAPP. 15 U.S.C. § 1692(e).

(e) Failure to send timely and sufficient validation of the alleged debt to Plaintiff KNAPP. 15 U.S.C. § 1692(g)

25. As a proximate result of the above violations of the FDCPA, Plaintiff KNAPP seeks actual and statutory damages, costs and attorneys fees.

## VI. SECOND CLAIM FOR RELIEF

### Negligent Hiring, Training, Auditing and Supervision

26. Plaintiff repeats and realleges and incorporates by reference all paragraphs above.

27. Defendant BANK OF AMERICA was directly responsible for the hiring, training, auditing and supervision of its collectors.

28. Defendant BANK OF AMERICA failed to exercise reasonable care in the hiring, training, auditing and supervision of its collectors.

29. Defendant NCB was directly responsible for the hiring, training, auditing and supervision of its employees.

30. Defendant NCB failed to exercise reasonable care in the hiring, training, auditing and supervision of its employees.

31. Defendant BANK OF AMERICA and Defendant NCB were negligent in the hiring training, auditing and supervision of personnel hired for the purpose of collecting funds from alleged debtors and consumers.

32. As a direct, proximate, and foreseeable consequence of Defendants BANK

OF AMERICA and NCB negligently hiring, training, auditing and supervising debt collectors, Plaintiff KNAPP suffered and continues to suffer anxiety, emotional distress, harassment, intimidation, annoyance and loss of quality of life for which compensation is sought.

WHEREFORE, Plaintiff KNAPP respectfully prays that judgment be entered against the Defendants NCB and BANK OF AMERICA for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692(k);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other and further relief as may be just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY**

**VERIFICATION**

I, GEORGE EDWARD KNAPP, SR., hereby certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

GEORGE EDWARD KNAPP, SR.

HARRY V. SATTERWHITE
Attorney for Plaintiff

OF COUNSEL:
SATTERWHITE, BUFFALOW,
COMPTON & TYLER, L.L.C.
1325 Dauphin Street
Mobile, Alabama 36604
(251) 432-8120
(251) 405-0147 facsimile

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

**NCB MANAGEMENT SERVICES, INC.**
**c/o CT CORPORATION SYSTEM**
**NORTH JACKSON STREET, SUITE 605**
**MONTGOMERY, ALABAMA 36104**

**BANK OF AMERICA**
**c/o THE CORPORATION COMPANY**
**2000 INTERSTATE PARK DRIVE, SUITE 204**
**MONTGOMERY, ALABAMA 36109**